IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE PETTY, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>JAMES RUDEK, WARDEN, )<br>)<br>Respondent. ) | No. CIV-10-1009-W |

## ORDER

On February 7, 2011, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Jackie Petty as well as Petty's request for an evidentiary hearing. Petty was advised of his right to object, and the matter now comes before the Court on Petty's Objection to the Report and Recommendation [Doc. 18].

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter. Because the parties are familiar with the facts of this case as well as the allegations underlying Petty's claims for relief, the Court has not recited the same in detail. Rather, the Court has set forth only those factual allegations necessary to resolve this matter.

Petty was tried in the District Court of Oklahoma County, Oklahoma, and found guilty of the crime of first degree murder. State v. Petty, No. CF-2005-6689. The jury rejected Petty's assertions that he had acted in self defense when he shot and killed his brother, Pat Petty, and recommended that Petty be sentenced to life imprisonment. The

Honorable Jerry D. Bass, District Judge, sentenced Petty in accordance with that recommendation.

Petty appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Petty v. State, No. F-2007-961 (Okla. Crim. February 26, 2009). Petty thereafter unsuccessfully sought state post-conviction relief. Petty v. State, No. CF-05-6689 (Okla. Dist. Ct. June 16, 2010); Petty v. State, No. PC-2010-681 (Okla. Crim. September 15, 2010).

In the instant Petition, Petty has advanced three grounds for relief: ineffective assistance of counsel, failure to grant a mistrial/intimidation of jurors, and insufficient evidence. This Court's authority to issue a writ of habeas corpus based upon one of these grounds for relief is governed by title 28, section 2254 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

To the extent Petty presented these claims to the OCCA, and the merits of such claims were ruled on, this Court's review of the OCCA's legal determinations is limited by the AEDPA to determining whether the OCCA's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ." 28 U.S.C. § 2254(d)(1). With regard to the OCCA's factual allegations, the Court may only grant habeas relief if the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

Ground One of Petty's Petition is based on Petty's claim that his trial counsel, Michael Gassaway, was ineffective. Petty has contended inter alia that Gassaway unreasonably pursued an "all or nothing" approach to jury instructions on lesser included

2

offenses and failed to request a instruction on manslaughter. Petty has also complained that his trial counsel provided ineffective assistance because Gassaway was distracted by the criminal and disciplinary matters he himself faced at that time and because counsel failed to adequately investigate the case, discuss the case with Petty or provide Petty with any discovery prior to the trial.

The OCCA addressed and rejected Petty's first theory that Gassaway's strategy at trial regarding the options the jury would have—acquittal or conviction for first degree murder—was "so patently unreasonable that it [could not] be considered valid trial strategy." Brief of Appellant at 20." The OCCA, after noting that Petty had

> concurred, on the record, with his counsel's strategy not to request instructions on the lesser offense of First Degree Manslaughter, after the State's request for the same instruction had already been denied.

Summary Opinion at 3, Petty v. State, No. F-2007-961 (Okla. Crim. February 26, 2009)(hereafter "Summary Opinion"), found that "[t]he evidence [to which Petty] point[ed] . . . as supporting the Manslaughter option was not at odds with his theory of self-defense . . . ," id., and that "[t]he colloquy between the court, counsel, and [Petty] . . . show[ed] that the decision not to request instructions on First Degree Manslaughter was intelligently made." Id.

The Court finds such determination was reasonable under the evidence and relevant Supreme Court precedent—Strickland v. Washington, 466 U.S. 668 (1984). See, e.g., Harrington v. Richter, 131 S. Ct. 770, 788 (2011)(when section 2254(d) applies, question is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied Strickland's deferential standard); Premo v.

Moore, 131 S. Ct. 733, 739 (2011)(applicable federal law for determining when defendant has received inadequate representation defined in Strickland).

Furthermore, after consideration of Strickland's mandate that a petitioner must show not only that trial counsel's performance was constitutionally deficient and prejudicial, 466 U.S. at 690-91, the Court finds that Petty is not entitled to habeas relief based upon the two remaining theories set forth in Ground One of his Petition. These theories for relief are grounded at most upon speculation and alleged temporal proximity of certain events,[1] and Petty has not presented sufficient legal or factual support in connection with the same.[2]

In Ground Two of his Petition, Petty has advanced two related complaints. He has first contended that Judge Bass failed to declare a mistrial after he learned that the spouse of a juror had approached an attorney known to Petty's counsel and had offered a bribe in exchange for his wife's favorable jury vote. Petty has next contended that Judge Bass erred in summoning each juror to his chambers and individually interrogating them with regard to whether anyone had attempted to influence their decisions. On appeal, Petty argued that this individual voir dire caused him "unquantifiable harm" because it could have resulted in jury intimidation and speculation about the reasons for Judge Bass' questions.

The OCCA rejected Petty's claim and concluded that "[t]he trial court did not abuse its discretion in denying the request for a mistrial." Summary Opinion at 2 (citations

---

[1] Petty surmises that Gassaway "could not have been acting with sound trial strategy based on the issues ongoing in his professional and personal life." Doc. 8 at 9.

[2] Petty without explanation of the impact, if any, or the consequences, if any, of such actions has contended that "[m]oreover Gassaway, likely as a result of being too busy addressing his personal and professional issues, did not provide Petty the State's discovery in anticipation of trial. He did not prepare or discuss relevant facts and evidence in the case prior to presenting Petty as a witness in the case. He did not discuss possible witnesses that could be presented on Petty's behalf." Doc. 8 at 14.

4

omitted). It found that the record neither "support[ed] an inference that the juror in question even related the incident to fellow jurors, must less attempted to influence them," id., nor "suggest[ed] the rest of the jury was tainted in any way." Id. The Court finds the OCCA's determinations with regard to Judge Bass' decision to deny counsel's request for a mistrial and with regard to Judge Bass' manner of investigation of the matter were not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent. Further, such determinations were not unreasonable in light of the evidence.

Ground Three of the Petition pertains to Petty's challenges to the sufficiency of the evidence. The OCCA also rejected this claim on its merits, stating:

> [Petty] claimed he shot the victim in self-defense. The trial court instructed the jury on this theory. Whether . . . [Petty's] actions were legally justified was a question for the jury to determine. The victim was shot three times; two of the injuries were independently fatal; one of the shots was fired downward into the top of the victim's skull at very close range. There was evidence that the shots were not fired in rapid succession. Given the number, location, and timing of the gunshot wounds, a rational trier of fact could find, beyond a reasonable doubt, that [Petty] . . . acted with malice aforethought.

Summary Opinion at 2 (citations omitted).

The Court finds that the OCCA's conclusion that the evidence on the charge of first degree murder was sufficient was neither an unreasonable application of the standards set forth in Jackson v. Virginia, 443 U.S. 307 (1979), nor an unreasonable determination based upon the evidence as a whole.

The Court has also considered Petty's request for an evidentiary hearing. Case law is clear that an evidentiary hearing is warranted only if the factual allegations advanced by

5

a petitioner are "'specific and particularized, [and] not general or conclusory.'" Anderson v. Attorney General of Kansas, 425 F.3d 853, 859 (10th Cir. 2005)(quotation omitted). As Magistrate Judge Bacharach found, Petty has failed "to identify any specific evidence that he wanted to present." Doc. 15 at 2.

In his Brief in Support of Petition,[3] Petty merely contended that

> [a]s will be further elaborated on at the requested hearing . . . , Gassaway failed to adequately investigate or discuss the case with his client. Moreover Gassaway . . . did not provide Petty the State's discovery in anticipation of trial. He did not prepare or discuss relevant facts and evidence in the case prior to presenting Petty as a witness in the case. He did not discuss possible witnesses that could be presented on Petty's behalf.

Doc. 8 at 14.[4]

In his Objections to the Report and Recommendation, Petty has made no attempt to elaborate on the foregoing; he has only repeated that the such statements clearly outline with sufficient specificity the evidence that would be presented at the requested hearing. Petty has further asserted without citing any particular evidence that there is a "need to present evidence relevant to . . . [Gassaway's] personal, legal and professional issues . . . ." Doc. 18 at 5.

Because Petty's conclusory requests fall short of the standards that would entitle him to an evidentiary hearing and because Petty's claims can be resolved on the record,

---

[3] In his Petition, Petty merely asserted that "[a] fair and evidentiary hearing is requested as to the Petition as a whole and as to any issues which involve facts not apparent from the existing record and to any issues which involve facts disputed by the State." Petition at 14.

[4] In the concluding paragraph of his Brief in Support of Petition, Petty further stated that "[i]n the event that the State contests any of the facts alleged by Petty in this Habeas [proceeding], he would seek a full and fair evidentiary hearing before this Court." Doc. at 8 at 25.

the Court in its discretion declines to conduct an evidentiary hearing on Petty's grounds for relief.

Accordingly, because Petty has advanced no grounds that warrant the relief he has requested, the Court

(1) ADOPTS Magistrate Judge Bacharach's well-reasoned and thorough analysis of this matter as set forth in the Report and Recommendation [Doc. 15] issued on February 7, 2011;

(2) DENIES Petty's Petition [Doc. 1] filed on September 1, 2010; and

(3) ORDERS that judgment issue in favor of respondent James Rudek, Warden.

ENTERED this 23rd day of March, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE